UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

DIMPLE OBEROI,

                              Plaintiff,                     **SUA SPONTE**
                                                                              **REPORT AND**
     -against-                                            **RECOMMENDATION**

SHAWNEE TRUCKING PA INC. et al.,             19-CV-2471 (FB) (ST)

                              Defendants.
-----------------------------------------------------------X

**TISCIONE, United States Magistrate Judge**:

       The Court issues this Report and Recommendation sua sponte to recommend dismissal of the claims of Plaintiff Dimple Oberoi. Plaintiff failed to comply with the Court's order to appear at multiple scheduled hearings, and failed to respond to this Court's Order to Show Cause. Plaintiff's Counsel has not been able to contact nor communicate with Plaintiff for more than nine (9) months. Thus, dismissal of her claims for failure to prosecute is warranted pursuant to Federal Rule of Civil Procedure 41(b). The Court also accordingly recommends that Plaintiff's Counsel's Motion to Withdraw as Attorney be granted.

### BACKGROUND

       Plaintiff Dimple Oberoi brought this action, alleging that she sustained serious injuries arising from a motor vehicle accident caused by the negligence of the Defendants, who are the owners, operators, and/or employers of the motor vehicle which came into contact with Plaintiff's vehicle on January 28, 2018. This case was initiated in the Supreme Court of the State of New York, Queens County, on December 27, 2018. It was then removed to this Court by Defendants on April 26, 2019. Notice of Removal, ECF No. 1. The Initial Conference for this case was scheduled to be held on August 5, 2019, once adjourned at Plaintiff's request, and rescheduled to

be held on September 10, 2019. Minute Entry, ECF Nos. 5, 9. During the Initial Conference on September 10, 2019, Plaintiff's Counsel Mr. Omrani informed this Court that he had been unable to contact Plaintiff for weeks, and that he intended to withdraw as Plaintiff's attorney. Minute Entry, ECF No. 9. This Court ordered Plaintiff's Counsel to file a formal Motion to Withdraw, and for both Plaintiff and Plaintiff's Counsel to appear at the Motion to Withdraw hearing scheduled to be held on October 7, 2019. *Id*. At the Motion to Withdraw hearing, Plaintiff did not appear, and Plaintiff's Counsel reported that he has not been able to contact his client in over six (6) months despite his efforts to notify Plaintiff of the hearing. Minute Entry, ECF No. 11. Accordingly, this Court entered an order for Plaintiff to appear at the Show Cause hearing scheduled to be held on November 18, 2019, and directed Plaintiff's Counsel to serve a copy of this order on Plaintiff and file proof of delivery with the Court. *Id*. The Court also noted that it would recommend dismissal of Plaintiff's claims if she fails to appear at the Show Cause hearing. *Id*. Despite this Court's warning, Plaintiff did not appear at the Order to Show Case hearing, and the Court was informed through Plaintiff's Counsel that his attempts to contact Plaintiff had been unsuccessful. Minute Entry, ECF No. 12.

## DISCUSSION

Under Federal Rule of Civil Procedure 41(b), a district court may dismiss a plaintiff's claims when "the plaintiff fails to prosecute or to comply with these rules or a court order." A dismissal for failure to prosecute is committed to the court's sound discretion. *See, e.g.*, *Kaur v. Royal Arcadia Palace, Inc.*, No. 05-CV-4725 (NGG) (JO), 2007 WL 4276837, at *2 (E.D.N.Y. Nov. 30, 2007); *Jenkins v. City of New York*, 176 F.R.D. 127, 128-29 (1997) (citing *Colon v. Mack*, 56 F.3d 5, 7 (2d Cir. 1995)).

Courts in this Circuit weigh five factors in deciding whether to dismiss an action for failure to prosecute: (1) the duration of the plaintiff's failure to comply with the court's orders, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the court has adequately considered a sanction less drastic than dismissal. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). Consideration of these factors leads the Court to recommend that the instant action be dismissed.

As to the first factor, the failure of Plaintiff to participate in this case has been of sufficient duration to warrant her dismissal. As of October 2019, Plaintiff's counsel has averred that he has been unable to make productive contact with either Plaintiff for six (6) months. Minute Entry, ECF No. 11. This period of delay is sufficiently long to warrant dismissal under Rule 41(b). *See, e.g.*, *Galper v. ARS Nat'l Servs., Inc.*, No. 18-CV-2753 (RJD) (JO), 2018 WL 6381459, at *2 (E.D.N.Y. Dec. 3, 2018) (delay of four months sufficient); *Chavis v. City of New York*, No. 17-CV-9518 (PAE) (BCM), 2018 WL 6532865, at *3 (S.D.N.Y. Oct. 12, 2018) (four months); *Moton v. Williams*, No. 15-CV-6485 (GBD) (JLC), 2018 WL 2229126, at *3 (S.D.N.Y. May 16, 2018) (noting that although there is "no magic number" for the length of noncompliance, "courts have deemed delays of three months and less sufficient to warrant dismissal" and collecting cases).

Second, Plaintiff failed to appear at the Order to Show Cause hearing. The Court explicitly warned that that it would recommend dismissal of this action if Plaintiff fails to appear at the Show Cause hearing. Minute Entry, ECF No. 11. Plaintiff did not appear at the hearing, and as of date, has not provided any reason for her failure to appear. As warned, the Court recommends dismissal of her claims. *See Ruiz v. Citibank, N.A*, No. 10-CV-5950 (KPF) (RLE), 2014 WL 4635575, at *3

(S.D.N.Y. Aug. 19, 2014) ("[The Second] Circuit has repeatedly upheld dismissal as an appropriate sanction where the non-compliant parties were warned of the possibility.") (citations omitted).

Third, Defendants are likely to suffer prejudice from further delay in these proceedings. "[P]rejudice resulting from unreasonable delay may be presumed as a matter of law." *Jefferson v. Rosenblatt*, No. 13-CV-5918 (JS) (ARL), 2018 WL 3812441, at *4 (E.D.N.Y. Aug. 10, 2018), *appeal dismissed*, No. 18-3094, 2019 WL 1769073 (2d Cir. Mar. 27, 2019) (citing *Peart v. City of N.Y.*, 992 F.2d 458, 462 (2d Cir. 1993) (citation omitted)). Plaintiff has caused unreasonable delay to these proceedings by failing to comply with the Court's discovery orders without justification. Thus, the presumption of prejudice to Defendants applies. The Court finds that due to Plaintiff's delay of this case, would likely cause "memories to fade, evidence to become stale or lost, and in these and other ways, prejudice [to] defendants." *English v. Azcazubi*, No. 13-CV-5074 (RRM) (LB), 2015 WL 1298654, at *2 (E.D.N.Y. Mar. 20, 2015).

Fourth, dismissing this case would aid in the Court's efforts to ease docket congestion. Of course, the Court "must not let its zeal for a tidy calendar overcome its duty to do justice." *Outley v. City of New York*, 837 F.2d 587, 589 (2d Cir. 1988) (citations and internal quotation marks omitted). However, Plaintiff has repeatedly failed to comply with this Court's discovery orders despite several opportunities to be heard, dismissal of this case would validly serve the goal of reducing the Court's caseload. *See, e.g.*, *Ambrose v. Mestre*, No. 12-CV-4349 (PAE) (JLC), 2014 WL 2708021, at *3 (S.D.N.Y. June 16, 2014), *adopted by* 2014 WL 5089438 (S.D.N.Y. Sept. 24, 2014).

Finally, the Court has considered sanctions less drastic than dismissal, but finds them insufficient. Plaintiff remains unreachable. It is well established that when a plaintiff stops

communicating with her attorneys or the court altogether, a sanction less than dismissal would be futile. *See, e.g.*, *Burgess v. Goodman*, No. 18-CV-6584 (VEC), 2019 WL 719199, at *4 (S.D.N.Y. Feb. 20, 2019) (citations omitted).

For these reasons, the Court recommends that this action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). This dismissal should be with prejudice. *See Clougher v. Home Depot U.S.A., Inc.*, No. 06-CV-5474 (DRH) (ARL), 2008 WL 2448202, at *1 (E.D.N.Y. Feb. 26, 2008) ("It is well settled that a dismissal under Rule 41(b) 'operates as an adjudication on the merits and that such a dismissal is with prejudice.'") (quoting *Hoffman v. Wisner Classic Mfg. Co.*, 927 F. Supp. 67, 71 (E.D.N.Y. 1996)). The Court also accordingly recommends that Plaintiff's Counsel's Motion to Withdraw as Attorney (ECF No. 10) be granted.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

                                                        /s/
                                         Steven L. Tiscione
                                         United States Magistrate Judge
                                         Eastern District of New York

Dated: Brooklyn, New York
      February 3, 2020